UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

C.N. GUERRIERE, M.D., P.A.,
(Robert Greife)

     Plaintiff,

v.                                                          CASE NO: 8:07-cv-1442-T-23MAP

AETNA HEALTH, INC.,

     Defendant.

_____/


## __ORDER__

     C.N. Guerriere, M.D., P.A., ("the plaintiff") sues (Doc. 2) Aetna Health, Inc.,

("Aetna") to recover sums allegedly owed for emergency services rendered to Aetna

group medical plan subscriber Robert Greife (the "subscriber").  On August 15, 2007,

Aetna removed (Doc. 1) this action from the Hillsborough County court on the ground

that the plaintiff's claim is completely preempted by the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") because the "Statement of

Claim" (Doc. 2) (the "complaint") purports to state a claim for payment of benefits under

an employee welfare benefit plan.  The plaintiff moves (Doc. 9) to remand what he

characterizes as an independent state-law claim and (Doc. 10) for an award of

attorneys' fees under 28 U.S.C. § 1447(c).  Additionally, pursuant to Rule 12(h)(3),

Federal Rules of Civil Procedure, the plaintiff files a "Suggestion" (Doc. 27) of lack of

subject matter jurisdiction, and the defendant (Doc. 31) responds.

As the party seeking removal, Aetna must establish subject matter jurisdiction by a preponderance of the evidence.  Hobbs v. Blue Cross Blue Shield of Alabama, 276 F.3d 1236, 1242 (11th Cir. 2001).  The requirements of 28 U.S.C. § 1441 (removal jurisdiction) are strictly construed, and cases in which jurisdiction is doubtful should be remanded.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.")

The ERISA civil enforcement provision, 29 U.S.C. § 1132(a) ("Section 502(a)"), establishes a cause of action "to recover benefits due . . . under the terms of [an ERISA] plan."  Complete preemption occurs if "Congress . . . preempt[s] an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal jurisdiction,"  Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997), and Congress has completely preempted state law claims to recover benefits under an ERISA plan.  "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'  Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'"  Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004).  State law claims are subject to complete preemption if (1) the plaintiff's complaint involves a relevant ERISA plan; (2) the plaintiff has standing to sue under the plan; (3) the

- 2 -

defendant is an ERISA entity; and (4) the complaint seeks compensatory relief similar to what is available under Section 502(a).  Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999).  The key question in this case is whether the plaintiff has standing to pursue an ERISA claim under the Aetna group medical plan (Docs. 6-2, 16-2) (the "Aetna plan").

To have standing to sue under ERISA, a plaintiff must be either a "participant" or a "beneficiary" of an ERISA plan.  Hobbs, 276 F.3d at 1241.  To be a "participant," one must be an "employee or former employee of an employer, or any member or former member of an employee organization."  29 U.S.C. § 1002(7).  A "beneficiary" is "a person designated by a participant or by the terms of an employment benefit plan, who is or may become entitled to a benefit thereunder."   29 U.S.C. § 1002(8).  Generally, health care providers such as the plaintiff "lack independent standing under ERISA's statutory scheme because they are not ordinarily considered 'beneficiaries' or 'participants.'"  In re Managed Care Litig., 298 F. Supp. 2d 1259, 1290 (S.D. Fla. 2003) (citing Cagle v. Bruner, 112 F.3d 1510, 1514 (11th Cir. 1997)).  However, if a health care provider obtains a written assignment of benefits from a beneficiary or participant of an ERISA plan, the health care provider acquires derivative standing.  See HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001); Cagle, 112 F.3d at 1514-15; Hobbs, 276 F.3d at 1241.  "Therefore, whether complete preemption applies is largely a function of whether an existing assignment entitles the provider to have standing under ERISA, or whether the provider can 'step

into the shoes' of a participant or beneficiary." <u>In re Managed Care Litig.</u>, 298 F. Supp. 2d at 1290.

Aetna fails to produce facts demonstrating that the plaintiff has standing to bring his claim under the Aetna plan.  Aetna produces an electronic claim form that refers to a "signature on file" authorizing the payment of benefits to the plaintiff.  However, even if this form suffices to show a valid assignment,[1] the plaintiff is not suing to enforce rights under the assignment.  The complaint omits mention of an assignment,[2] and the plaintiff needs no assignment to state a claim against Aetna.  The complaint (Doc. 2 ¶ 7) alleges that Aetna is liable for payment for services to the subscriber "pursuant to the HMO contract and § 641.513, Fla. Stat.," and Florida implies a private right of action under Section 641.513 to recover payment for emergency medical services, <u>see Merkle v. Health Options, Inc.</u>, 940 So. 2d 1190, 1194 (Fla. App. 2006), <u>rev. den.</u>, 962 So. 2d 336

---

[1]  The Aetna plan apparently prohibits (Doc. 16-2 at 53) an assignment of benefits.  <u>See Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.</u>, 371 F.3d 1291, 1296 (11th Cir. 2004) ("[A]n unambiguous anti-assignability provision in an ERISA-governed welfare benefit plan voids any purposed assignment."); <u>Hobbs</u>, 276 F.3d at 1242 ("Without proof of an assignment, the derivative standing doctrine does not apply."); <u>In re Managed Care Litigation</u>, 298 F. Supp. 2d at 1292 ("To the extent that Defendants are not able to produce proof of a valid assignment from patients, the derivative standing doctrine does not apply to those providers.").

[2]  <u>See Caterpillar, Inc., v. Williams</u>, 482 U.S. 386, 395 (1987); <u>Hill v. BellSouth Telecomm., Inc.</u>, 364 F.3d 1308, 1314 (11th Cir. 2004) ("[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available.") (citations omitted); <u>see also Children's Hosp. Corp. v. Kindercare Learning Ctr., Inc.</u>, 360 F. Supp. 2d 202, 207 (D. Mass. 2005); <u>Sheridan Healthcorp., Inc. v. Neighborhood Health P'ship, Inc.</u>, 459 F. Supp. 2d 1269,  1274 (S.D. Fla. 2006); <u>Rodriguez v. Avmed, Inc.</u>, 2003 WL 1937194, *3 (S.D. Fla. Apr. 18, 2003).

(June 26, 2007).[3]  Even if the plaintiff obtained an assignment of benefits, the plaintiff does not rely on the assignment and does not need to rely on the assignment to prosecute his state law claim.[4]

In short, Aetna fails to establish federal subject matter jurisdiction by a preponderance of the evidence.  Hobbs, 276 F.3d at 1242.  Accordingly, the plaintiff's motion to remand (Doc. 9) is **GRANTED**.  The plaintiff's motion (Doc. 10) for attorneys' fees under 28 U.S.C. § 1447(c) is **DENIED** because Aetna's basis for removal was not objectively unreasonable.  See Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).  The law with respect to compete preemption under ERISA is fluid and changing, courts have held claims similar to the plaintiff's removable, see supra, note 3, and courts have

_____

[3]  This case is therefore distinguishable from the line of cases in which a claim similar to the plaintiff's–i.e., a claim (a) brought by a non-participating health care provider against an insurer for payment for medical services rendered to an ERISA-plan participant or beneficiary and (b) sought to be characterized as arising under Florida law independently of an assignment of benefits–was preempted because the plaintiff had to rely on an assignment of benefits to state a claim and therefore his claim was not in reality independent.  See Rodriguez v. Health Options, No. 03-20429 (FAM) (S.D. Fla. Aug. 29, 2003); Torrent v. Neighborhood Health P'ship, Inc., No. 05-21668 (PCH) (S.D. Fla. Sept. 2, 2005); Current Wave Med. Sys., v. Cigna Corp., No. 8:07-cv-1102 (RAL) (M.D. Fla. Aug. 3, 2007); Electrostim Med. Servs., Inc. v. Aetna Life Ins. Co., No. 8:06-cv-14 (SCB) (M.D. Fla. Mar. 13, 2007).

[4]  Additionally, the plaintiff's claim under Section 641.513 is not subject to defensive preemption under 29 U.S.C. § 1144(a) because independent "state law claims brought by health care providers against plan insurers too tenuously affect ERISA plans to be preempted by the Act."  Lordmann Enters., Inc. v. Equicor, Inc., 32 F.3d 1529, 1533 (11th Cir. 1994) (citing Hospice of Metro Denver, Inc. v. Group Health Ins., 944 F.2d 752 (10th Cir.1991); Mem'l Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir.1990).

denied motions to remand identical to this one.[5]  Finally, this action is **REMANDED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on November 8, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5]  See C.N. Guerriere, M.D., P.A., Aetna Health, Inc., No. 8:07-cv-1456 (M.D. Fla. Sept. 26, 2007); C.N. Guerriere, M.D., P.A., Aetna Health, Inc., No. 8:07-cv-1449 (M.D. Fla. Oct. 3, 2007).